IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| YAN JUAN HU TAITANO,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN DOSANJ, FDC HONOLULU,<br><br>Respondent. | Civil No. 25-00168 MWJS-RT<br><br>ORDER DISMISSING IN PART, DENYING IN PART, AND GRANTING LEAVE TO AMEND PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 |

**INTRODUCTION**

Before the court is pro se Petitioner Yan Juan Hu Taitano's petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. In her petition, Taitano asserts that she was unlawfully denied the opportunity to earn time credits under the First Step Act of 2018 (FSA) while at the Honolulu Federal Detention Center (FDC), where she awaited transfer to her designated facility for nearly seven months. As relief, she seeks an order awarding her time credits from the date of sentencing. Because Taitano has not shown that any claim for prospective relief is ripe, her petition is DISMISSED in part; and because the record does not support retrospective relief, her petition is DENIED in part. Taitano may amend her petition, but she must do so by September 26, 2025.

## BACKROUND

1.  Under the FSA, eligible prisoners who "successfully complete[] evidence-based recidivism reduction programming or productive activities" earn time credits, 28 U.S.C. § 3632(d)(4)(A), which are then applied toward their time in prerelease custody or supervised release, *id.* § 3632(d)(4)(C). A prisoner "shall earn 10 days of time credits for every 30 days of successful participation." *Id.* § 3632(d)(4)(A)(i). Additionally, if the Bureau of Prisons (BOP) determines that an inmate is at a "minimum or low risk for recidivating" and maintains that risk level "over 2 consecutive assessments," they "shall earn an additional 5 days of time credits for every 30 days." *Id.* § 3632(d)(4)(A)(ii). But a prisoner may not earn time credits under the FSA for programs completed prior to the date that their sentence "commences," *id.* § 3632(d)(4)(B)(ii)—that is, "the date the defendant is *received in custody awaiting transportation to* . . . the official detention facility at which the sentence is to be served," 18 U.S.C. § 3585(a) (emphasis added).

BOP regulations further provide that an eligible prisoner "begins earning" FSA time credits only "after the inmate's term of imprisonment commences"—and unlike the FSA, that clock starts running on "the date the inmate *arrives* or voluntarily surrenders at the designated Bureau facility where the sentence will be served." 28 C.F.R. § 523.42(a) (emphasis added). Moreover, the BOP requires that to earn time credits, eligible inmates must be participating in programs or activities the BOP has

2

"recommended based on the inmate's individualized risk and needs assessment." *Id.* § 523.42(b)(3).

    2.  Here, Taitano was sentenced to a term of fifteen months on September 9, 2024. ECF No. 8-3, at PageID.33.  Her anticipated release date through good conduct time is October 3, 2025.  *Id.*  Following sentencing, Taitano was received in custody at the FDC in Honolulu, Hawaiʻi, on November 23, 2024.  ECF No. 8-1, at PageID.28 (Neha Khan Decl. ¶ 3).  There, for nearly seven months, she awaited transport to the facility where she would serve her sentence.  Taitano was finally transferred to her designated facility on July 10, 2025.  *Id.* at PageID.29 (¶ 7).  But in the meantime, pursuant to BOP regulations, Taitano was not afforded an opportunity to earn FSA time credits.

    On April 24, 2025, Taitano filed her petition under 28 U.S.C. § 2241, challenging the way in which her sentence is being carried out with respect to the FSA.  ECF No. 1.  Taitano contends that she is entitled to earn time credits beginning on the date of sentencing, and that the BOP's refusal to afford her an opportunity to do so while being held at a transit facility violates the FSA.  *Id.* at PageID.1.  To that end, she seeks an order requiring the BOP to "apply the Federal Time Credits" to her sentence "from the time she arrived into" BOP custody.  *Id.*

    The government submitted an opposition, arguing that the court should dismiss Taitano's petition for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because (1) Taitano has not exhausted her administrative remedies, and (2) her claim is

3

not ripe. ECF No. 8. The court elects to decide the petition without a hearing as authorized by Local Rule 7.1(c).

## HABEAS CORPUS LEGAL STANDARD

When a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States," district courts have the power to grant writs of habeas corpus pursuant to 28 U.S.C. § 2241. The courts' jurisdiction under § 2241 includes the power to review challenges to both "the validity of any confinement" and "particulars affecting its duration." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Put differently, § 2241 covers challenges to "the manner, location, or conditions of the execution" of a petitioner's sentence. *Huihui v. Derr*, Civil No. 22-00541, 2023 WL 4086073, at *1 (D. Haw. June 20, 2023).

## DISCUSSION

### A.   Exhaustion of Administrative Remedies

The government first contends that dismissal is required because Taitano did not exhaust her administrative remedies before filing suit. The court declines to dismiss the petition on these grounds.

Ordinarily, a prisoner must exhaust their administrative remedies before filing a habeas petition. *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991). And as a general rule, when a prisoner does not complete these steps before filing a habeas petition, a court should dismiss the petition for lack of exhaustion on prudential grounds. *Ward v.*

*Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).  But exhaustion is not a jurisdictional requirement under § 2241.  *Id.*  Courts have the discretion to waive the exhaustion requirement where appropriate, such as "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (cleaned up).

      The court exercises its discretion to waive the exhaustion requirement here.  Taitano's petition arises from her assertion that the BOP's official time credit procedures violate the FSA.  Because the BOP was following its own regulations, requiring Taitano to pursue administrative remedies is unlikely to result in her requested relief.  Moreover, Taitano's anticipated release date of October 3, 2025, is quickly approaching.  Requiring Taitano to pursue further administrative remedies may well moot her request for prospective relief.  And Taitano filed her petition in April 2025; she did not unnecessarily delay that filing or otherwise seek to manufacture the time-sensitivity of her petition.  Under these limited circumstances, the court concludes that a waiver of the exhaustion requirement is appropriate.  *See, e.g.*, *Cano v. Birkholtz*, Case No. 23-cv-1761, 2025 WL 1808983, at *1 (D. Or. July 1, 2025) (waiving exhaustion because the petition alleged that the BOP's regulation conflicted with the FSA and because the time required to pursue further administrative relief could moot the petition); *Cobb v. Birkholtz*, Case No. 23-cv-1763, 2025 WL 1865789, at *1 (D. Or. July 7, 2025) (similar);

*Huihui*, 2023 WL 4086073, at *3 (concluding that administrative remedies process was not efficacious and further pursuit would be futile because the petition challenged the BOP's legal position on when a prisoner can begin earning time credits).

### B. Relief Under the Petition

Although the court declines to dismiss Taitano's petition for lack of exhaustion, relief is still not available. The reasons are twofold: first, to the extent Taitano seeks prospective relief, she has not established that the claim is ripe; and second, the record does not support an award of retrospective relief.

1. In arguing that she is entitled to earn time credits from the date she is placed in BOP custody post-sentencing—regardless of whether she is placed in a transit facility or her designated one—Taitano relies primarily on *Huihui v. Derr*, 2023 WL 4086073. Similar to this case, *Huihui* involved a petition for a writ of habeas corpus in which the petitioner argued that she should have been afforded time credits from the date of sentencing, at which time she was already in BOP custody. *Id.* at *1. Because the petitioner was not eligible for enough credits to entitle her to be transferred to prerelease custody, the district court dismissed the petition without prejudice. *Id.* at *7.

At the same time, the district court offered the petitioner some relief. It concluded that Congress has "spoken to the precise question of when a prisoner is ineligible for FSA" time credits—namely, before a prisoner's sentence "commences." *Id.* at *5 (citing 18 U.S.C. § 3632(d)(4)(B)). And Congress has defined the commencement of

6

a term of imprisonment as the time "a prisoner is received in custody awaiting transportation to the official detention facility at which the sentence is to be served." *Id.* (quoting 18 U.S.C. § 3585(a)).  That definition, the court opined, conflicts with BOP regulations that authorize prisoners to earn FSA time credits only after they arrive at the designated BOP facility where the sentence will be served.  *Id.* (citing 28 C.F.R. § 523.42(a)).  The court therefore concluded that the petitioner "should have been afforded" an opportunity to earn FSA time credits from the initial date of sentencing.  *Id.*  As relief, the court ordered the BOP to take the following actions:  (1) if the petitioner had not yet been assessed, to conduct the assessment required under the FSA; and (2) if the petitioner had already been assessed, was eligible under the FSA, and had successfully completed recidivism reduction programing or productive activities, to calculate the petitioner's time credits beginning at her sentencing date.  The relief extended in *Huihui*, in other words, had both a prospective and retrospective element.

      2.  To the extent that Taitano similarly seeks prospective relief here, she has not shown that the claim is ripe.  Ripeness is a part of the constitutional limitation on federal courts to deciding "Cases" and "Controversies."  U.S. Const. art. III, § 2; *see also Bova v. City of Medford*, 564 F.3d 1093, 1095-96 (9th Cir. 2009).  It governs when a suit may be brought.  *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997).  A claim is not ripe for adjudication if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Texas v. United States*, 523 U.S. 296, 300

(1998) (cleaned up). The ripeness requirement protects courts "from entangling themselves in abstract disagreements over administrative policies," and it also protects agencies "from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) (cleaned up). Any claim that is not ripe must be dismissed. *See* Fed. R. Civ. P. 12(b)(1).

When Taitano initially filed her habeas petition, she was still being held at the Honolulu FDC, *see* ECF No. 1, and the BOP had taken the position that she was ineligible to earn FSA time credits since she was at a transit facility, *see* ECF No 8. But as of July 10, 2025, Taitano has been transferred to her designated facility to serve her sentence. ECF No. 8-1, at PageID.29 (Khan Decl. ¶ 7). The BOP regulation that Taitano complains of thus no longer appears to be an obstacle to her earning credits. And she has offered no other reason to conclude that the BOP will continue to deny Taitano programming moving forward. Nor does the record, as it stands, reveal one: the BOP represents that Taitano will have a "programming and needs assessment conducted" at her designated facility. *Id.* Moreover, although Taitano was given an opportunity to file a reply brief, she chose not to do so, and so she has advanced no claim that the BOP has denied her that opportunity following her arrival there.

Any claim for prospective relief of the type given in *Huihui*—that is, any claim seeking an order requiring the BOP to conduct the assessment required under the FSA

8

so that she can begin earning credits—appears to rest upon future action by the BOP. Namely, it appears to rest upon the BOP continuing to deny Taitano the time credits following her arrival at her designated facility, which may well not occur. And Taitano has not offered any evidence suggesting that the BOP has in fact denied her that opportunity. Accordingly, Taitano has not shown that a claim for prospective relief is ripe, and the court cannot exercise jurisdiction to offer that form of relief. The petition is therefore DISMISSED to that extent.

    3. Taitano also appears to seek retrospective relief: she seeks an order requiring the BOP to "apply the Federal Time Credits" to her sentence "from the time she arrived into" BOP custody at the Honolulu FDC. ECF No. 1, at PageID.1. The problem with this request is that Taitano has offered no evidence that she actually participated in any programming or productive activities during that time. Taitano does not challenge the requirements that before earning any time credits, she must undergo an individualized risk and needs assessment and successfully complete recidivism-reducing programs and productive activities that the BOP has recommended for her based on that assessment. And she offers no evidence that any of these requirements were met in her case. Further, she offers no evidence that she participated in programming that could, retrospectively, be viewed as qualifying for time credit under an appropriate assessment. Meanwhile, the BOP affirmatively represents that Taitano did *not* participate in any recidivism-reducing programs or productive activities during her

time at FDC Honolulu, let alone successfully complete them.  ECF No. 8-1, at PageID.29 (Khan Decl. ¶ 7).

Because the FSA undisputedly requires that a prisoner successfully complete recidivism-reducing programs and productive activities to earn time credits, Taitano has not offered evidence to support a claim that she could be entitled to retroactive relief.  *See, e.g.*, *Stevens v. Jacquez*, Case No. 23-cv-01482, 2024 WL 3200546, at *3-5 (D. Or. June 25, 2024) (denying relief for time period spent at transit facility where petitioner failed to show that he successfully participated in FSA programming during that time); *Tantuwaya v. Birkholz*, Case No. 24-cv-02891, 2024 WL 4805423, at *3-4 (C.D. Cal. Oct. 10, 2024), *report and recommendation adopted,* Case No. CV 24-02891, 2024 WL 4803522 (C.D. Cal. Nov. 15, 2024) (directing the BOP to recalculate the petitioner's sentence where the record showed that she completed FSA programming pre-designation for which she did not receive time credits).  The petition is therefore DENIED to that extent.

### C. Partial Leave to Amend

It is possible, however, that Taitano could amend her petition to cure her claim for prospective or retrospective relief.  The court therefore GRANTS Taitano partial leave to amend.  She may amend her claim for prospective relief if, and only if, she has evidence that it has become ripe.  *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (noting that a district court should grant leave to amend "unless it appears that no tenable claim for relief can be pleaded").  Taitano may amend her claim for

10

retrospective relief if, and only if, she has evidence that she previously completed recidivism-reducing programs and productive activities at the Honolulu FDC that might, under an appropriate assessment, conceivably qualify for time credits under the FSA.[1]

Any amended petition must be filed by September 26, 2025, and must cure the deficiencies identified in this order.  Taitano is cautioned that failure to timely file an amended petition that conforms with this order will result in the automatic dismissal of this case.  Further, failure to cure the deficiencies identified in this order may result in dismissal without leave to amend.

## CONCLUSION

Because the record does not support the sought retrospective relief, Taitano's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is DENIED in part.  And because any claim for prospective relief is not yet ripe, the petition is DISMISSED in remaining part.  Taitano may file an amended petition in accordance with the guidance above, but she must do so by September 26, 2025.  Failure to timely

---

[1] To be clear:  the court does not here resolve whether it should or even can grant retrospective relief to Taitano.  It holds only that Taitano has not offered any evidence to support her claim, which is a sufficient reason to deny that aspect of her petition at this point.  The "cardinal principle of judicial restraint" is that "if it is not necessary to decide more, it is necessary not to decide more."  *PDK Lab'ys, Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment).  And it is not necessary to decide more here.  Should Taitano return with evidence that would substantiate her claim for retrospective relief, the court will then consider the merits of her claim.

file an amended complaint that conforms with this order will result in the automatic dismissal of this case, and failure to cure the identified deficiencies may result in dismissal without leave to amend.

    IT IS SO ORDERED.

    DATED: August 25, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

**Civil No. 25-00168 MWJS-RT**; *Yan Juan Hu Taitano v. Dosanj*; ORDER DISMISSING IN PART, DENYING IN PART, AND GRANTING LEAVE TO AMEND PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241